IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: )
)
THOMAS E. NOBLE, ) Misc. Action No. 16-188-SLR
)
    Movant. )

THOMAS E. NOBLE, )
)
       Plaintiff, )
  v. )
)
THE STATE OF DELAWARE, )
GOVERNOR JACK MARKELL )
and ANYONE ELSE RESPONSIBLE, )
)
    Defendants. )

**MEMORANDUM**

1. **Introduction**. Movant Thomas A. Noble ("movant"), a pro se litigant, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, United States District Judge Kent A. Jordan[2] entered an order enjoining movant from filing any pro se civil rights complaints without prior approval of the court. *See* D.I. 1, ex.; *Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker*, Civ. No. 03-906-KAJ, movant was given notice to show cause why injunctive relief should not issue, *see Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but

---

[1]Movant's litigation history as a "habitual litigant" is more fully described in the court's January 15, 2004 show cause order. *See* Civ. No. 03-906-KAJ, D.I. 7.

[2]In 2006, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit.

"did not show cause" why the order should not be entered (see Civ. No. 03-906-KAJ, D.I. 7 and D.I. 12 at 4). The barring order issued, and movant did not appeal.

2. **Discussion**. Under protest, movant requests leave to file a complaint against The State of Delaware (the State), Governor Jack Markell ("Markell"), and anyone else responsible. (D.I. 1) He states he was served the September 13, 2004 barring order for the first time on June 18, 2016. (D.I. 1, ¶ 1) The court docket reflects that movant was served a copy of the order through the United States mail in September 2004 after the order was entered and docketed, following the normal procedures of the Clerk's Office. See Civ. No. 03-906-KAJ at D.I. 12, stating "copies to Pltf." See also In re: Cedant Corp. Prides Litigation, 311 F.3d 298, 304 (3d Cir. 2002) (proof of procedures followed in regular course of operations gives rise to a strong inference item properly addressed and mailed). The order was sent to the address provided by movant at 601 Central Avenue, New Castle, Delaware 19720[3] and was not returned as undeliverable. See Lupyan v. Corinthian Colleges Inc., 761 F.3d 314, 319 (3d Cir. 2014) (under mailbox rule, if letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed that it reached its destination at regular time, and received by the person to whom it was addressed). Also, the court was advised that, after movant received a copy of the September 13, 2004 order as an attachment to dismissal orders of recently filed cases (see Civ. No. 16-407-SLR at D.I.

---

[3]Movant's address has not changed through the years. He has provided his address as 601 Central Avenue, P.O. Box 524, New Castle, Delaware 19720, in numerous cases he has filed in this and other courts. See e.g., Noble v. Becker, 04-5997-MLC (E.D. Pa.), filed Dec. 23, 2004, closed Mar. 30, 2009); In re Thomas A. Noble, No. 10-1496 (3d Cir.), filed December 21, 2009. In this instant matter, movant provides an address of P.O. Box 524, New Castle, Delaware 19720.

6; Civ. No. 16-439-SLR at D.I. 3),[4] he telephoned the Clerk's Office and advised Clerk's Office personnel that he was aware of the order that barred him from filing new civil rights actions, but he did not believe it applied if he paid the filing fee.[5] He states that the September 13, 2004 barring order is unconstitutional and that the copy was sent to him in bad faith with some of its contents highlighted. (D.I. 1, ¶¶ 2, 3)

3. Movant contends the barring order is inapplicable because it applies solely to prisoners proceeding in forma pauperis, that it does not address allowing him to hire an attorney to file civil rights complaints for him, that it did not address allowing him to proceed pro se if he pays the filing fee, and that the court lacks constitutional authority to require him to seek prior approval to file a complaint if he pays the filing fee.

4. The court notes that the barring order does not refer to movant's status as an incarcerated or non-incarcerated individual, or as a plaintiff who pays the filing fee or who proceeds in forma pauperis. The order barring movant speaks to his status as a pro se litigant and to cases he files alleging violations of his civil rights. Here, movant proceeds pro se and his proposed complaint against the State and Markell alleges violations of his civil rights under 42 U.S.C. § 1983. Therefore, the order barring movant from filing civil rights cases without prior court approval applies to the proposed complaint.

---

[4]These two cases were opened in error and closed when it was discovered that movant did not seek approval as required by the court. The cases were closed and movant's filing fee payments were refunded.

[5]Movant did not appeal the September 13, 2004 barring order.

3

5.  The proposed complaint seeks class action status, is brought pursuant to 42 U.S.C. § 1983, challenges the constitutionality of 11 Del. C. § 1109 (dealing in child pornography) and Section 1, Article 1 of Delaware's Constitution, and raises numerous claims regarding the conditions of confinement movant experienced while housed in the Delaware Department of Correction.  The proposed complaint raises claims that are legally frivolous.

6.  In an attempt to avoid the immunity of defendants, movant does not seek compensatory damages, but declaratory and injunctive relief.  The State, a proposed defendant, is immune from suit.  The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Eleventh Amendment has been interpreted to render states — and by extension, state agencies, departments, and officials when the state is the real party in interest — generally immune from suit by private parties in federal court.  *See Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  Immunity under the Eleventh Amendment is subject to three primary exceptions:  (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officials for prospective injunctive and declaratory relief to end an ongoing violation of federal law. *Id. See also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) (state may waive immunity); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56 (1996) (Congress may abrogate immunity); *Ex parte Young*, 209 U.S. 123 (1908) (prospective injunctive and declaratory relief).  The proposed complaint is brought pursuant to 42

4

U.S.C. § 1983. The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished) (citations omitted).

      7. Markell is also a proposed defendant. The proposed complaint does not indicate if Markell is named in his individual or official capacity. To the extent that the proposed claims are raised against Markell in his official capacity, they fail. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).

      8. With regard to claims against Markell in his individual capacity, movant may only avail himself of the third exception under Eleventh Amendment immunity (*Ex parte Young*) discussed above. Markell is mentioned three places in the proposed complaint, as follows: (1) "Markell . . . is not immune from declaratory or injunctive relief" (proposed complaint at 2); (2) the State unconstitutionally misuses state law and its threat of "ultra-huge prison time to extort guilty pleas . . . is egregiously unconstitutional, but also [] is a scam that should be prosecuted as such against . . . Markell" (*id.* at 7-8); and (3) "while [] Markell . . . exhort[s] citizens outside of prison to help conserve energy and to reduce the possibility of power failures during peak usage hours, during those same periods Markell has his prisons' staff misusing the AC to torture detainees and other prisoners" (*id.* at 15).

5

9. The first statement about Markell is a legal conclusion. See *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (complaint must do more than simply provide labels and conclusions or a formulaic recitation of the elements of cause of action). The second statement is frivolous given that it states that Markell should be prosecuted for his alleged involvement in a scam. To the extent that movant seeks to impose criminal liability upon Markell pursuant to a criminal statute, he lacks standing to proceed. See *Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Finally, the third statement is raised against Markell in his supervisory position. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient.[6] See *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). The allegations are frivolous and cannot be cured by amendment.

10. **Conclusion**. Therefore, the motion to file is **denied**.[7] (D.I. 1) *See*

---

[6]Movant seeks injunctive relief with regard to prison conditions. However, he is no longer incarcerated and, therefore, his claim for relief is moot. See *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) (unpublished) (in general, inmate's claim for injunctive and declaratory relief becomes moot on his release from prison).

[7]Movant has filed numerous lawsuits in the State Courts. On December 29, 2014, he filed a class action complaint in the Delaware Superior Court and alleged that 11 Del. C. § 1109 was unconstitutional. Similar to the proposed complaint in this case, named as defendants were the governor, all members of the general assembly who voted in favor of § 1109, the attorney general, and "anyone else responsible." On December 31, 2014, the Superior Court dismissed the complaint as factually frivolous, legally frivolous, and on the ground that it plainly appeared from the face of the complaint that movant was not entitled to relief. He did not appeal the order. See *In re Noble*, 2015 WL 877469, at *1 (Del. Feb. 27, 2015).

6

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate order shall issue.

Dated: July  11 , 2016

UNITED STATES DISTRICT JUDGE

7